[L. A. No. 20480. In Bank. Feb. 25, 1949.]

RUSSELL NELSON, Respondent, v. CALIFORNIA TRUST COMPANY (a Corporation), Appellant.

Swanwick, Donnelly & Proudfit and Donald O. Welton for Appellant.

Hahn, Ross, Goldstone & Saunders for Respondent.

GIBSON, C. J.—Nelson, in order to satisfy a judgment, is seeking to reach the assets of a spendthrift trust created by his judgment debtor Fred H. Bixby, Jr. The trial court found that all of the property in the trust was subject to the payment and satisfaction of the judgment held by Nelson. Defendant trustee appealed, contending that Bixby had no interest in the trust except to receive the net income and that his judgment creditor was in no better position than he was. Bixby, who was also named as a defendant, did not appeal.

The trust in question is the one involved in *Bixby* v. *California Trust Co., ante,* p. 495 [202 P.2d 1018], and it was there held that under the terms of the trust instrument Bixby was the sole beneficiary. It is against public policy to permit a man to tie up his property in such a way that he can enjoy it but prevent his creditors from reaching it, and

where the settlor makes himself a beneficiary of a trust any restraints in the instrument on the involuntary alienation of his interest are invalid and ineffective (*McColgan* v. *Magee, Inc.,* 172 Cal. 182, 188-190 [155 P. 995, Ann.Cas. 1917D 1050]; see Rest., Trusts, § 156; 1 Scott on Trusts [1939] § 156; Griswold, Spendthrift Trusts [1947] pp. 542-550.) Since Bixby was the sole beneficiary, all the property in the trust is subject to the claims of his creditors.

The judgment is affirmed.

Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Edmonds, J., did not participate herein.