**In re Aqdas Sarfaraz KURAISHI, Rachelle Arlene Kuraishi, Debtors.**

**Bankruptcy No. SA 97–24860 JR.**

United States Bankruptcy Court, C.D. California, Santa Ana Division.

June 25, 1999.

Joel S. Miliband, D. Edward Hays, Rus, Miliband, Williams & Smith, Irvine, CA, for the trustee.

Barry Sisselman, Van Nuys, CA, for debtors.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

### I. INTRODUCTION

On their chapter 7[1] schedules, debtors claimed a $200,000 exemption in various retirement accounts. After a hearing on the chapter 7 trustee's objection to the exemption, I held that the plans were not property of the estate and overruled the objection. The chapter 7 trustee ("Trustee") subsequently filed a motion for reconsideration (the "Motion"). After a hearing on the Motion, I took the matter under submission.

### II. JURISDICTION

I have jurisdiction over the matter because it is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(b). Venue is appropriate pursuant to 28 U.S.C. § 1409(a).

### III. FACTS

On September 6, 1997, Aqdas and Rachelle Kuraishi filed their chapter 7 bankruptcy petition. At the time of the filing, Aqdas, a doctor, had an interest in the following three 401(k) plans: (1) the Family Medicine Faculty Medical Group plan (the "FMFMG Plan"); (2) the Empire Medical Group plan (the "Empire Plan"); and (3) the Southern California Permanente Medical Group plan (the "SCPMG Plan"). As of March 31, 1998, his total vested interest in these three plans was $139,568. Aqdas also had an interest in a Keogh retirement plan (the "Keogh Plan") in which he was the sole employer, employee, participant, and administrator. Vanguard Fiduciary Trust Company was

---

1. Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

the trustee. As of March 31, 1998, Aqdas's total interest in the Keogh Plan was $139,414. On Schedule C, Aqdas and Rachelle disclosed their interests in Aqdas's 401(k) and Keogh retirement plans and claimed a $200,000 exemption pursuant to California Code of Civil Procedure § 703.140(b)(10)(E).

In May 1998, Trustee filed a motion objecting to the Kuraishis' claimed exemption in the 401(k) and Keogh retirement plans. Trustee alleged that (1) the retirement accounts were property of the estate because they were not ERISA-qualified, and (2) Aqdas's degree of control over the Keogh Plan rendered it property of the estate. Because he believed that the retirement plans were property of the estate, Trustee asserted that the exemption was invalid because the retirement accounts were not reasonably necessary for the support of the Kuraishis or their dependants.

Trustee eventually withdrew his objections to the claimed exemption in the Empire and SCPMG Plans because Aqdas produced evidence that they were ERISA-qualified and therefore not property of the estate. After a hearing on the remaining objections, I overruled Trustee's objection to the FMFMG Plan because it was ERISA-qualified. I overruled the objection to the Keogh Plan because it was an enforceable spendthrift trust under California law and the evidence did not establish that Aqdas had exercised a degree of control over the Keogh Plan that should invalidate the anti-alienation provision. The order overruling the objections (the "Order") was entered on March 9, 1999.

On March 19, 1999, Trustee filed the Motion alleging that (1) two Ninth Circuit opinions published subsequent to the hearing supported Trustee's contention that the Keogh Plan was not a valid spendthrift trust under California law because it was self-settled and because Aqdas had an excessive degree of control over the trust, and (2) alternatively, even if the Keogh Plan were a valid spendthrift trust, Aqdas

could only exclude 75% of its value from property of the estate.

Aqdas opposed the Motion and, after a hearing on April 19, 1999, I took the matter under submission.

## IV. DISCUSSION

■ · Trustee brought the Motion under Rule 9023(e), which incorporates Federal Rule of Civil Procedure ("FRCP")9. Rule 9023(e) provides that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." FED.R.BANKR.P. 9023(e). The Order was entered on March 9, 1999, and the Motion was timely filed on March 19, 1999. Reconsideration is appropriate only if one of the three following grounds is present: (1) manifest error of fact; (2) manifest error of law; or (3) newly discovered evidence. *See Hale v. United States Trustee (In re Basham)*, 208 B.R. 926, 934 (9th Cir. BAP 1997).

The Motion is also brought pursuant to FRCP 60(b)(6), which is made applicable to bankruptcy proceedings by Rule 9024. That section states that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (6) any ... reason justifying relief from the operation of the judgment ...." FED.R.CIV.P. 60(b)(6).

Trustee contends that under California law, the Keogh Plan does not qualify as a spendthrift trust and that two cases published subsequent to the initial hearing support this proposition. Trustee states that in *Ehrenberg v. Southern California Permanente Med. Group (In re Moses)*, 167 F.3d 470 (9th Cir.1999)(hereinafter "*Moses II*"), the Ninth Circuit held that California Probate Code ("CPC") § 15304(a) prohibits a debtor from self-settling a spendthrift trust. Because Aqdas was both the employer who adopted the Keogh Plan and a beneficiary, Trustee asserts that the spendthrift provision is

unenforceable and that the Keogh Plan is property of the estate.[2] I agree.

█ When a bankruptcy petition is filed, an estate is created that is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). However, the Code excludes from property of the estate "any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law." *Patterson v. Shumate*, 504 U.S. 753, 758, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992)(referring to § 541(c)(2)).[3] The Ninth Circuit has held that a valid spendthrift trust created under state law can be excluded from the estate pursuant to § 541(c)(2). *See Moses II*, 167 F.3d at 473.

█ California law has recognized the general validity of spendthrift trusts. *See* CAL. PROB. CODE § 15301 (West 1999). CPC § 15301, contained in Division 9 of the CPC, states that "if the trust instrument provides that a beneficiary's interest in principal is not subject to voluntary or involuntary transfer, the beneficiary's interest in principal may not be transferred and is not subject to enforcement of a money judgment until paid to the beneficiary." CAL. PROB. CODE § 15301(a) (West 1999). However, when the trust is self-settled and the settlor's interest is subject to an anti-alienation provision, "the restraint is invalid against transferees or creditors of the settlor. The invalidity of the restraint on transfer does not affect the validity of the trust." CAL. PROB. CODE § 15304(a) (West 1999).

The definition section of the CPC excludes from the definition of "trusts" those that are for the primary purpose of paying pensions or employee benefits of any kind. *See* CAL. PROB. CODE § 82(b)(13) (West

1999). However, this section does not necessarily render the statutes in Division 9 inapplicable. California Probate Code § 15003 provides that

> [n]othing in this division or in Section 82 is intended to prevent the application of all or part of the principles or procedures of this division to an entity ... that is excluded from the definition of "trust" provided by Section 82 where these principles or procedures are applied pursuant to statutory or common law principles.

CAL. PROB. CODE § 15003(c). Thus, the question is whether the principle that a self-settled spendthrift trust is unenforceable is applicable to pension plans by either statute or common law.

█ As a general rule, California law does not enforce spendthrift provisions in trusts that are self-settled. *See Nelson v. California Trust Co.*, 33 Cal.2d 501, 501, 202 P.2d 1021 (1949).

> It is against public policy to permit a man to tie up his property in such a way that he can enjoy it but prevent his creditors from reaching it, and where the settlor makes himself the beneficiary of a trust any restraints in the instrument on the involuntary alienation of his interest are invalid and ineffective.

*Id.; see also McColgan v. Walter Magee, Inc.*, 172 Cal. 182, 186, 155 P. 995 (1916)(stating that "one cannot by disposition of his own property put the same or the income thereof beyond the reach of his creditors, so long as he himself retains the right to receive and use it"). CPC § 15304(a) codified this principle. *See* CAL. PROB. CODE § 15304 Law Revision Comm'n Cmt. (1990 Enactment West 1999) (stating that "[s]ubdivision (a) codifies the case-law rule applicable under prior law").

---

**2.** Trustee also relies on *Lowenschuss v. Selnick (In re Lowenschuss)*, 171 F.3d 673 (9th Cir.1999). However, this case is inapposite because it analyzed Pennsylvania spendthrift trust law.

**3.** Section 541(c)(2) provides that "[a] restriction on transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2).

■ California law has not addressed the specific question of whether a pension plan is subject to this prohibition. However, given the strong public policy behind the prohibition enunciated in *Nelson* and *McColgan*, and the fact that CPC § 15003 provides that the exclusion of a pension plan from the definition of trust is not determinative, it is appropriate to apply the prohibition against self-settled spendthrift trusts to pension plans. *Cf. In re Crosby*, 162 B.R. 276, 282 (Bankr.C.D.Cal.1993)(analyzing a profit-sharing plan and noting in dicta that under California law, a self-settled spendthrift trust is not enforceable); *In re Witwer*, 148 B.R. 930, 937 (Bankr.C.D.Cal. 1992)(same).[4]

Although two Ninth Circuit cases have stated that a trust for paying pensions or employee benefits is excluded from the prohibition against self-settling a trust, both have done so in dicta and are therefore neither binding nor precedential.

In *Southern California Permanente Med. Group v. Ehrenberg (In re Moses)*, 215 B.R. 27 (9th Cir. BAP 1997), *aff'd*, 167 F.3d 470 (9th Cir.1999)(hereinafter "*Moses II* "), the Ninth Circuit Bankruptcy Appellate Panel (the "BAP") determined that a Keogh plan that was not self-settled was a valid spendthrift trust under California law because the debtor did not have excessive control over the plan. The BAP then stated that even if the trust were self-settled, CPC § 82(b)(13) excluded pension plans from the general prohibitions against self-settled trusts. However, this observation was not necessary for its decision and was not an alternative holding because the BAP had already determined that the Keogh plan was not self-settled.

Furthermore, the Ninth Circuit affirmed the BAP's decision that the spendthrift trust was valid under California law because it was not self-settled, the debtor could not terminate or amend the plan,

and the debtor did not have access to the plan until retirement. *See Moses II*, 167 F.3d at 473. The Ninth Circuit did not determine what the result would be if the trust had been self-settled. Thus, because the BAP's statement that pension plans are excluded from the general rule that spendthrift trusts cannot be self-settled was dicta, and because the Ninth Circuit did not affirm the BAP on this basis, I am not bound by the BAP's statement in *Moses II*.

A year after the BAP's decision in *Moses II*, the BAP again stated in dicta that pension plans are excluded from the general rule that spendthrift trusts cannot be self-settled. In *McDonald v. Metz (In re Metz)*, 225 B.R. 173, 178 (9th Cir. BAP 1998), the BAP determined that a retirement plan that was not self-settled was ERISA-qualified and therefore not property of the estate. It went on to note that even if the plan was not ERISA-qualified, it still would not become property of the estate under California law. In summarizing California law, the BAP noted that the prohibition against self-settled trusts did not apply to pension plans, citing *Moses II*. Again, this statement was not essential to its decision because its holding rested on its determination that the plan, which was not self-settled, was ERISA-qualified. *See Metz*, 225 B.R. at 177. Therefore, I am not bound by the interpretation of California law set forth in either *Moses II* or *Metz*.

■ Here, the parties do not dispute that the Keogh Plan contains an anti-alienation provision. Specifically, section 15.7 of the Vanguard Qualified Retirement Program Plan provides that "benefits payable under the Plan shall not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, charge, garnishment, execution, or

---

4. It should be noted that California Probate Code § 15002 provides that "[e]xcept to the extent that the common law rules governing trusts are modified by statute, the common law as to trusts is the law of this state." CAL. PROB. CODE § 15002 (West 1999).

levy of any kind, whether voluntary or involuntary."

The parties also do not dispute that the Keogh Plan is self-settled. The Keogh Plan's adoption agreement identifies Aqdas as the employer, the employee, and the sole participant. As the sole participant, Aqdas is considered a beneficiary under the CPC because he has a present interest in the Keogh Plan. *See* CAL. PROB. CODE § 24(c) (West 1999)(defining "beneficiary" as "a person who has any present or future interest, vested or contingent").

Therefore, under CPC § 15304(a), the Keogh Plan is a self-settled spendthrift trust, and the spendthrift provision is "invalid against transferees or creditors of the settlor." CAL. PROB. CODE § 15304(a) (West 1999). Under § 541(c)(2), because the spendthrift provision is unenforceable under California law, the Keogh Plan is property of the estate. *See* 11 U.S.C. § 541(c)(2).[5]

## V.   CONCLUSION

In sum, a spendthrift provision in a self-settled trust is not enforceable under California law even if the primary purpose of the trust is to pay a pension. As a result, the Keogh Plan is property of the estate under § 541(c)(2).

Accordingly, the Motion is GRANTED.

This memorandum opinion shall constitute my findings of fact and conclusions of law.

IT IS SO ORDERED.

---

**5.** In the Motion, Trustee also sought a determination that the Keogh Plan was not ERISA-qualified. However, because I already made this determination at the hearing on Trustee's objection, this request is unnecessary.