### In re Edward Williams CUTTER, Debtor.

Edward Williams Cutter, II, an individual; Edward Williams Cutter, II, Trustee of The Edward Williams Cutter, 2nd Inter Vivos Trust dated May 23, 1989, Appellant/Cross–Appellee,

v.

David Seror, Chapter 7 Trustee, Appellee/Cross–Appellant,

v.

Zoran Vujic, Executor of the Estate of Alberta Patricia McNamara, Deceased, Appellee.

BAP Nos. CC–07–1436–MoDK, CC–08–1024–MoDK, CC–08–1025–MoDK. Bankruptcy No. SV 05–14744–KT. Adversary No. SV 06–01249–KT.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument July 25, 2008.

Filed Sept. 4, 2008.

Amended Dec. 3, 2008.

Bruce M. Greenfield, Los Angeles, CA, for Debtor, Appellant/Cross–Appellee.

Russell H. Rapoport, Plotkin, Rapoport & Nahmias, P.C., Encino, CA, for Appellee/Cross–Appellant.

Daniel I. Barness, Spiro, Moss, Barness & Harrison, Los Angeles, CA, Stephen L. Kaplan, Hicks, Mims, Kaplan & Burns, Laguna Niguel, CA, for Appellee.

Before: MONTALI, DUNN, and KLEIN, Bankruptcy Judges.

## AMENDED OPINION[1]

MONTALI, Bankruptcy Judge.

These appeals involve a failed asset protection scheme. We publish to call atten-

---

1. We issued our initial opinion on September 4, 2008, and the appellee/cross-appellant filed a timely petition for rehearing. We revise the initial opinion to correct a factual error and to adjust the legal analysis accordingly.

---

tion to a fundamental fallacy inherent in that scheme. The cornerstone of the scheme is a self-settled trust that identifies only unnamed "surviving" descendants of the trustor as beneficiaries (whose interests vest only after the trustor's death), but leaves in the trustor/trustee the power to deplete the trust of all of its assets for his own benefit.

The bankruptcy court correctly determined by partial summary judgment that where the debtor was in effect a beneficiary of a self-settled spendthrift trust by virtue of the power to use the trust assets for his own benefit, certain real property titled in the debtor as trustee of that trust could be reached by the debtor's creditors under California law and, hence, was property of the estate. The debtor appealed after the court directed entry of judgment against him. The trustee cross-appealed the court's simultaneous denial of partial summary judgment as to a different issue regarding the estate's ownership of other real property. We AFFIRM the partial summary judgment against the debtor but REVERSE and REMAND for entry of summary judgment in favor of the trustee determining that debtor's bankruptcy estate is entitled to recover an additional fractional interest in real property that is part of the trust corpus. We deny leave to appeal and DISMISS as interlocutory the balance of the trustee's cross-appeal.

## I. FACTS

### A. *Introduction*

Appellant Edward Williams Cutter II ("Debtor")˙filed for relief under chapter 7[2]

---

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, as enacted and promulgated prior to the effective date of The Bankrupt-

on July 12, 2005. Appellee David Seror ("Trustee") is the trustee for Debtor's bankruptcy estate.[3]

As of the petition date, Debtor, as the trustee of The Edward Williams Cutter, 2nd Inter–Vivos Trust dated May 23, 1989 (the "Trust"), held title to the following real property: a condominium on Dickens Street in Sherman Oaks, California (the "Dickens Street Condo"); certain undeveloped property in Los Angeles County (the "Undeveloped Property"); a two-thirds interest in property located on Whipple Street in North Hollywood, California (the "Whipple Street Property"); and property located on Wilkinson Street in North Hollywood, California ("Wilkinson Street Property").

As discussed later, the bankruptcy court found as a matter of undisputed fact that Debtor contributed all of these properties to the Trust, except for a one-third share (the "Ermatinger Third") of the Whipple Street Property that was conveyed to the Trust by John J. Ermatinger ("Ermatinger"). With the exception of the Ermatinger Third, the above-described properties are collectively referred to as the "Trust Properties."[4]

In addition, as of the petition date, "Edward W. Cutter, A Single Man" held title to property located on Thurston Circle in Los Angeles, California (the "Thurston Circle Property").

On September 6, 2006, Trustee and Vujic (collectively, "Plaintiffs") filed a complaint against Debtor for (1) denial of discharge; (2) revocation of discharge; (3) quiet title; (4) declaratory relief; (5) accounting, turnover and/or damages; and (6) a determination of dischargeability of debt under section 523. Plaintiffs named Debtor as defendant, both individually and in his capacity as trustee for the Trust. Plaintiffs did not assert claims directly against any other party.

On January 24, 2007, John F. Cutter, as Guardian Ad Litem ("Guardian") of Debtor's son, Edward W. Cutter III ("Trip"), filed a complaint in intervention asserting that Trip held actual title to the Thurston Circle Property. Guardian also disputed Trustee's claims that the bankruptcy estate had an ownership interest in the corpus of the Trust.

On March 27, 2007, Plaintiffs filed a motion for summary judgment against Debtor, arguing that, *inter alia,* title to the Thurston Circle Property and the Trust Properties should be quieted to Trustee pursuant to section 544.[5] In particular, Plaintiffs argued that the Trust was a self-settled, irrevocable spendthrift

---

cy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 23.

**3.** Zoran Vujic ("Vujic"), the executor of the estate of Alberta Patricia McNamara, is also named as an appellee, although Vujic has not filed a brief in this appeal.

**4.** In other words, only the one-third interest conveyed by Debtor to the Trust is included in the references to "Trust Properties," not the Ermatinger Third. As discussed later, California Probate Code section 15304(b) allows creditors to reach the maximum amount payable to a settlor of a self-settled trust, but restricts such recovery to amounts contributed by the settlor to the trust. Relying on that

section, the bankruptcy court held that all of the corpus of the Trust except the Ermatinger Third was property of the estate. For the reasons set forth in Part V, we agree with Trustee that as a matter of law, the bankruptcy court should have entered summary judgment declaring that all of the Trust corpus (including the Ermatinger Third) is property of Debtor's estate.

**5.** Plaintiffs also argued that the bankruptcy court should enter summary judgment denying or revoking Debtor's discharge. The court did not grant summary judgment on these claims, and they are not the subject of this appeal.

trust designed to benefit Debtor (as settlor/trustor, trustee and unnamed beneficiary) and that Trust Properties were property of the chapter 7 estate under California law and under sections 544 and 541. Plaintiffs also argued that Debtor held title to the Thurston Circle Property.

The bankruptcy court agreed with Plaintiffs that the Trust Properties belonged to the estate and granted partial summary judgment in favor of Trustee. It denied summary judgment as to the Ermatinger Third and as to the Thurston Circle Property, because there were genuine issues of material fact remaining for trial.

### B. *The Trust Properties*

#### 1. The Trust

On May 23, 1989, Debtor as trustor created the Trust. He named himself as trustee of the Trust. Paragraph 2.00 of the Trust Agreement and Declaration of Trust ("Trust Agreement") provides that the "primary beneficiaries of the [T]rust are the surviving issue of the trustor, if any, and the lineal descendants of non-surviving issue of the settlor, if any on the principle of representation."[6] If the Debtor had died without surviving lineal descendants, the Trust was to be maintained for the benefit of his mother.

Even though Debtor did not specifically identify himself as a primary beneficiary, Paragraph 5.00 of the Trust Agreement provides that he (as trustee) could make distributions from the trust to benefit himself (as trustor):

> No distributions shall be made out of the trust except in the sole discretion of the trustee, in an amount to provide for the health, the education, or the support and maintenance in the customary manner of living of the trustor, prior to the death of the trustor. At the time of the death of the trustor, outright distributions shall be made to the beneficiaries of the trust subject to the limitation in Paragraph 6.[7]

Paragraph 7.13 additionally grants Debtor (as trustee) authority to invade the Trust property "for emergencies related to the health, education, support and/or maintenance" of Debtor and "*other* beneficiaries" of the Trust. Notwithstanding the provisions of Paragraphs 5.00 and 7.13, Paragraph 8.00 purports to prohibit Debtor (as trustee) "from exercising any powers vested in him primarily for the benefit of the trustor rather than for the benefit of the beneficiaries."

Paragraph 4.00 of the Trust Agreement provides that the Trust is irrevocable. Paragraph 17.00 contains a spendthrift clause: "No interest in the principal or income of any trust created under this instrument shall be anticipated, assigned, encumbered, or subjected to creditor's claim or legal process before actual receipt by the beneficiary."

Because Paragraph 5.00 permits Debtor as Trustee to make distributions to himself as Trustor (with no limitation on the amount of principal or income that he could use) to maintain Debtor's customary standard of living, the bankruptcy court ruled that the "Debtor is a primary beneficiary of the Trust notwithstanding the absence of a designation as such in the Trust instrument." *See* page 14 of Findings and Conclusions In Support of Ruling on Plaintiffs' Motion for Partial Summary Adjudi-

---

6. At the time the Trust was created, Debtor did not have any lineal descendants. Trip is Debtor's lineal descendent, but is not entitled to trust income or principal until after Debt-or's death, as the identified beneficiaries are Debtor's "surviving" descendants.

7. Paragraph 6 prohibits outright distributions to minors.

cation entered on November 5, 2007 ("*Findings*"). The court further stated:

Because the strictures of Paragraph 8.00 are substantially inconsistent with the provisions of Paragraphs 5.00, 7.00, and 7.13 which expressly allow the Debtor, as trustee, to make distributions for his own benefit, in his sole discretion, the Debtor is a primary beneficiary of the Trust.

*Id.* The court therefore concluded that the Trust was a self-settled, irrevocable spendthrift trust:

Pursuant to the provisions of the Trust, unlimited distributions can be made to the Debtor in the sole discretion of the trustee for, among other things, the support and maintenance of the Debtor. Access to trust assets for the Debtor's benefit is not restricted to trust income. The trustee also is authorized to invade trust property for emergencies related to the support and maintenance of the Debtor and has the authority and discretion to designate the nature of a "qualifying" emergency. This is enough to make self-settled assets of the Trust vulnerable to the claims of creditors and accessible to the Trustee. In this case, of course, the Debtor himself was the trustee for the Trust prior to the appointment of a receiver for the Trust in this bankruptcy proceeding and able to exercise all of these powers directly for his own benefit.

*Id.* at 24.

### 2. The Dickens Street Condo

On June 21, 1993, a quitclaim deed was recorded which conveyed the Dickens Street Condo to "Edward Williams Cutter, Trustee of the Edward Williams Cutter, 2nd Intervivos Trust dated May 23, 1989." Debtor does not dispute that he conveyed the Dickens Street Condo to the Trust.[8]

### 3. The Undeveloped Property

On June 21, 1993, a quitclaim deed was recorded which conveyed the Undeveloped Property to "Edward Williams Cutter, Trustee of the Edward Williams Cutter, 2nd Intervivos Trust dated May 23, 1989." Debtor does not dispute that he conveyed the Undeveloped Property to the Trust.

### 4. The Whipple Street Property

In opposing the Trustee's motion for summary judgment, Debtor filed the declaration of Ermatinger, Trip's godfather. According to Ermatinger, Debtor purchased the Whipple Street Property in 1987 and then deeded it to himself and Ermatinger as joint tenants. In 1992, Debtor and Ermatinger purportedly transferred a one-third interest in the Whipple Street Property to Trip, the Ermatinger Third to Ermatinger and the final one-third interest to Debtor as trustee for the Trust. In 1994, Ermatinger transferred the Ermatinger Third to the Trust.

The bankruptcy court found as a matter of undisputed fact that the one-third interest conveyed by Debtor to the Trust was property of his bankruptcy estate. The court additionally found that Trustee, in his capacity as successor trustee of the Trust, has the power to sell, use or lease the Ermatinger Third.[9]

---

**8.** Debtor did note that the transferor named on the quitclaim deeds for the Dickens Street Condo and the Undeveloped Property was Edward W. Cutter (without the "II"), but did not argue that the transferor was anyone other than Debtor.

**9.** The bankruptcy court found that Debtor's powers under the Trust included "the sole discretion to use the Trust assets for his own benefit," and that the exclusion of section 541(b) (excluding from property of the estate any power that a debtor may exercise *solely* for the benefit of any entity *other than the*

### 5. The Wilkinson Street Property

On January 28, 2002, a grant deed was recorded which conveyed the Wilkinson Street Property to "Edward Williams Cutter, Trustee of the Edward Williams Cutter, 2nd Intervivos Trust dated May 23, 1989." The grant deed identifies Debtor's brother, Matthew J. Cutter ("Matthew") as the grantor. Thereafter, Matthew's ex-girlfriend filed a state court action to avoid as fraudulent the transfer of the Wilkinson Street Property to the Trust. The state court found that Debtor had provided adequate consideration for the transfer. Debtor does not dispute that he (as opposed to the Trust) paid the consideration for the transfer of the Wilkinson Street Property from Matthew to the Trust. The bankruptcy court therefore found, as a matter of undisputed fact, that Debtor contributed the Wilkinson Street Property to the Trust when he had Matthew execute the grant deed in favor of the Trust.[10]

### C. The Thurston Circle Property

In a grant deed dated September 4, 2003, Ermatinger transferred the Thurston Circle Property to "Edward W. Cutter, A Single Man." Both Ermatinger and Debtor filed declarations stating that Ermatinger conveyed the Thurston Circle Property to Trip and that Trip is the "Edward W. Cutter, A Single Man" identified in the grant deed.

Plaintiffs contended in the motion for summary judgment that Debtor (not Trip) was the owner of the property, providing evidence that Debtor had executed documents as the borrower against and buyer of the Thurston Street Property. Plain-tiffs asserted that the Thurston Circle Property was therefore property of the estate under section 541, or, alternatively, Trustee could obtain title to the Thurston Circle Property pursuant to section 544(a)(3). The bankruptcy court held that it could not grant summary judgment on the Plaintiffs' claim to recover the Thurston Circle Property, as "the question of who is the legal owner of the [property] appears to be a question of both fact and law which is a matter for trial." *Findings* at page 10.

### D. The Bankruptcy Court's Ruling

Debtor does not and did not dispute that he is the trustee and trustor of the Trust. Based on the language of the Trust Agreement itself, the bankruptcy court concluded that Debtor was a beneficiary, albeit not specifically identified as such. The court also found, as a matter of undisputed fact, that Debtor had contributed the Dickens Street Condo, the Undeveloped Property, the Wilkinson Street Property and one-third of the Whipple Street Property to the Trust and that these Trust Properties therefore constituted self-settled assets of the Trust.

Based on the foregoing, the bankruptcy court concluded as a matter of law and undisputed fact that the Trust Properties were property of Debtor's bankruptcy estate. *The court based its conclusion on the "interaction of [section] 544(a)(1) and (2) with California law governing self-settled trust assets." Findings* at page 24.

[Section] 544(a)(1) gives the Trustee the status of a creditor with a judicial lien on all property on which a creditor on a

---

*debtor*) therefore did not apply. Notwithstanding its finding that Trustee could sell or lease the Ermatinger Third, the bankruptcy court stopped short of finding that the Ermatinger Third was property of the estate.

10. On July 1, 2008, the bankruptcy court entered an order approving a sale of the Wilkinson Street Property by Trustee. We do not know the status of that sale. If the sale has closed, this appeal may be moot, at least as to that property.

simple contract could have obtained. [Section] 544(a)(2) gives the Trustee the status of a creditor with an execution against the Debtor that is returned as unsatisfied. California Probate Code § 15304 allows such creditors to reach the maximum amount that the trustee of the Debtor's Trust could pay out to or for the benefit of the settlor.

*Id.* The court further concluded that the Trustee "succeeds to the Debtor's position as trustee of the Trust." Id. at page 25.

The Debtor's powers under the Trust include the sole discretion to use the Trust assets for his own benefit. Section 541(a)(1) provides that the bankruptcy estate "is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." Therefore, the Debtor's legal and equitable interests in and power to act for the Trust are property of the bankruptcy estate, not within the exclusion of [section] 541(b) which states that "[p]roperty of the estate does not include-(1) any power that the debtor may exercise solely for the benefit of any entity *other than the debtor.*"

*Id.* (emphasis in original).

On November 5, 2007, the bankruptcy court entered an order granting the motion for summary judgment on certain claims, ordering that the Trust Properties were property of the bankruptcy estate which Trustee may sell, use, or lease pursuant to section 363 and that title to the Trust Properties "shall be vested in the name of the Chapter 7 Trustee." In para-

graph 3 of the order, the court stated that "there is no just reason for delay as to the finality of the relief granted . . . and that the interests of the parties on both sides of this controversy are better served by immediate access for appellate review." The court therefore directed that, with respect to the Trust Properties, judgment be entered in the quiet title and declaratory relief claims pursuant to Rule 7054. The court denied summary judgment on the remaining causes of action, including the Plaintiffs' denial of discharge and revocation of discharge claims. Debtor filed a notice of appeal of the order granting partial summary judgment on November 15, 2007, giving rise to BAP No. 07–1436.

On January 8, 2008, the bankruptcy court entered its "Judgment on Certain Claims" based on its order granting the motion for summary judgment.[11] The court stated that "[t]his is a final judgment entered pursuant to Rule 54, Federal Rules of Civil Procedure. Other issues in this adversary proceeding remain pending and will be separately adjudicated." Debtor filed a notice of appeal of the judgment on January 16, 2008 (BAP No. 08–1024), and Trustee filed a notice of cross-appeal on January 22, 2008 (BAP No. 08–1025).[12] The appeals were submitted without oral argument on July 25, 2008.

## II. ISSUES

1. Do we have jurisdiction over Debtor's main appeal and Trustee's cross-appeal?

---

11. Among other things, the judgment expressly vested in Trustee title to a one-third interest in the Whipple Street Property; it does not mention the Ermatinger Third.

12. Because BAP No. 07–1436 is an appeal from the order granting summary judgment on certain claims, and BAP No. 08–1024 is an appeal from the subsequently entered judgment on the same claims, we entered an or-

der consolidating the appeals. Our decision to affirm the grant of partial summary judgment disposes of both of these appeals. With respect to the cross-appeal (BAP No. 08–1025), we reverse and remand the denial of summary judgment as to the Ermatinger Third and dismiss the balance of the appeal as interlocutory.

2. Did the bankruptcy court err in (1) granting summary judgment declaring that the Trust Properties are property of Debtor's bankruptcy estate and (2) not granting summary judgment with respect to the Ermatinger Third?

## III. STANDARD OF REVIEW

■ We review *de novo* the bankruptcy court's ruling on a motion for summary judgment. *Woodworking Enters., Inc. v. Baird (In re Baird)*, 114 B.R. 198, 201 (9th Cir. BAP 1990). Viewing the evidence in a light most favorable to the non-moving party (i.e., Debtor), we determine whether the bankruptcy court correctly found that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Id.; Carolco Television Inc. v. Nat'l Broad. Co. (In re De Laurentiis Entm't Group Inc.)*, 963 F.2d 1269, 1271–72 (9th Cir.1992).

## IV. JURISDICTION

A. *Debtor's Appeal of the Partial Summary Judgment Regarding the Trust Properties*

■ The summary judgment was entered on fewer than all of the claims asserted by Plaintiffs against Debtor. Ordinarily, an appeal from such a judgment would be interlocutory, but the bankruptcy court determined that the partial summary judgment was final pursuant to Rule 7054 (incorporating Federal Rule of Civil Procedure ("FRCP") 54(b)). In actions involving multiple claims or multiple parties, FRCP 54(b) permits a court to direct entry of a final judgment as to one or more (but fewer than all) of the claims or parties, but "only if the court expressly determines there is no just reason for delay." Fed. R. Civ. Pro. 54(b).

■ The judgment regarding the Trust Properties, therefore, is final because it

disposed of a discrete yet significant issue: the bankruptcy estate's entitlement to the Trust Properties. The legal and factual issues raised in conjunction with the Trust Properties are different from those raised in conjunction with the Thurston Street Property or the other claims against Debtor (viz., the revocation or denial of discharge). An appeal on the other issues and claims would not require an appellate court to re-examine the issues and facts supporting the partial summary judgment. Because the judgment underlying Debtor's appeal is final, we have jurisdiction over his appeal pursuant to 28 U.S.C. § 158 (and the bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (E) and (H)).

B. *Trustee's Cross–Appeal of the Denial of Summary Judgment Regarding the Ermatinger Third*

In his cross-appeal, Trustee asserts an alternate basis for quitclaiming to the estate the Trust Properties *and* the Ermatinger Third. For the reasons set forth in section IV(C) below, we do not believe that the bankruptcy court's Rule 54(b) determination covered its denial of summary judgment and thus does not cover Trustee's cross-appeal. Therefore, Trustee's cross-appeal of the denial of summary judgment as to the Ermatinger Third is interlocutory. *Jones–Hamilton Co. v. Beazer Mats. & Servs., Inc.*, 973 F.2d 688, 693–94 (9th Cir.1992) ("Denial of a motion for summary judgment is generally not a final order, and is therefore not appealable.").

■ Nevertheless, we have jurisdiction to entertain an interlocutory appeal by leave and will do so as to the Ermatinger Third. 28 U.S.C. § 158(a)(3). Granting leave to appeal is left to the discretion of the panel. *Roderick v. Levy (In re Roderick Timber Co.)*, 185 B.R. 601, 604 (9th Cir. BAP 1995). Granting leave is appropriate

when, as here, an appeal would materially advance resolution of the dispute and minimize further litigation expenses. *Id.* We can treat a timely notice of appeal as a motion for leave to appeal when an order is interlocutory and no motion for leave to appeal has been filed. *Id.;* Fed. R. Bankr.P. 8003(c).

Here, the purely legal issues raised with respect to the Ermatinger Third apply equally to the Trust Properties: to the extent Debtor possessed such dominion and control over the Trust corpus as of the petition date that he could have invaded it in its entirety for his support and maintenance, is the entire Trust corpus property of his bankruptcy estate under section 541(a)? An affirmative answer to this purely legal question as to which there is no genuine issue of material fact means that the bankruptcy court's summary judgment should have incorporated the Ermatinger Third when it vested title to the Trust Properties in the Trustee. Therefore, the issues presented in that portion of the cross-appeal pertaining to the Ermatinger Third are inextricably intertwined with and implicate issues raised in the main appeal. We will therefore exercise jurisdiction over that particular aspect of the cross-appeal pertaining to assets of the Trust.

C. *Trustee's Cross–Appeal of the Denial of Summary Judgment Regarding the Thurston Circle Property*

 The bankruptcy court's Rule 54(b) determination does not reach the issues and matters raised in the cross-appeal; the order denying summary judgment as to the Thurston Circle Property remains

interlocutory. The bulk of the cross-appeal pertains to the Thurston Circle Property and involves completely separate legal and factual issues from those pertaining to the Trust Properties (the subject of the partial summary judgment).

In particular, the theory supporting the partial summary judgment (that the Trust Properties were assets of an irrevocable, self-settled spendthrift trust and thus property of the estate) is irrelevant and inapplicable to the issue of whether Trip or Debtor owns the Thurston Circle Property. The judgment does not mention the Thurston Circle Property at all; it does not even mention that the court was denying summary judgment as to the Thurston Circle Property or the discharge claims. Because the partial summary judgment granted Trustee relief only as to the Trust Properties, the Rule 54(b) certification did not relate to the Thurston Circle Property claims and thus does not cover the cross-appeal.[13] Thus, we do not have jurisdiction over the cross-appeal of the denial of summary judgment with respect to that property. *See Durkin v. Shea & Gould,* 92 F.3d 1510, 1514–15 (9th Cir.1996) (appellate court lacks jurisdiction to consider issues not covered by the Rule 54(b) certification); *Jones–Hamilton,* 973 F.2d at 693–94 (9th Cir.1992) (denial of summary judgment is not final and appealable of right).

 Although we have discretionary authority to entertain interlocutory appeals from judgments that are not final (*see* 28 U.S.C. § 158(a)(3) and *Wolkowitz v. Beverly (In re Beverly),* 374 B.R. 221, 231–32 (9th Cir. BAP 2007)), we will not exer-

---

**13.** The order granting summary judgment also contained a Rule 54(b) determination as to "the relief granted [on the quiet title and declaratory judgment]" claims. That determination, however, was only as to the "relief granted" and the "relief granted" pertained only to the Trust Properties. A separate paragraph of the order states that summary judgment "on the remaining causes of action" is denied. Therefore, the Rule 54(b) determination did not apply to the denial of relief as to the Thurston Circle Property.

cise such authority here, other than as to the Ermatinger Third. We agree with the bankruptcy court that material factual issues regarding ownership of Thurston Circle are disputed. Debtor presented two declarations stating that the intended grantee was Trip, his son, who is also named Edward W. Cutter. As the name on the title is simply "Edward W. Cutter, a single man" and not Debtor's full name ("Edward W. Cutter, II"), Debtor presented a disputed issue of fact. While the bankruptcy court may ultimately find after trial that Debtor's position is not credible and that the preponderance of evidence favors Trustee, resolving disputed questions of fact and weighing of evidence is inappropriate in the context of a summary judgment motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

We also disagree with Trustee that, as a matter of law, the bankruptcy court should have granted summary judgment in his favor under section 544(a)(3)

with respect to the Thurston Circle Property, as a genuine issue of material fact appears to exist as to whether a bona fide purchaser could have defeated Trip's ownership interest, if any.[14] Given the existence of these factual issues, and our deference to the bankruptcy court's management of its cases, we decline to exercise jurisdiction over the portion of the interlocutory cross-appeal pertaining to the Thurston Circle Property. We therefore DISMISS that portion of the cross-appeal as interlocutory.

## V. DISCUSSION

A. *General Principles Governing Section 541 and Trusts*

The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It does not include, however, "any power that the debtor may exercise solely for the benefit of another," 11 U.S.C. § 541(b)(1), nor does it include "[p]roperty in which the debtor holds . . . only legal title and not an equitable interest." 11 U.S.C. § 541(d). Similarly, the estate does not include property containing "[a] restriction on the

---

**14.** In light of the ambiguity in the recorded deed, and the fact that the name on the title does not reflect that Edward W. Cutter II is the owner, a factual issue may exist as to whether a purchaser would have constructive or inquiry notice of a potential defect in the title or of the possibility that another Edward Cutter may claim title. If so, that constructive or inquiry notice could possibly defeat Trustee's right to avoid the transfer as a hypothetical bona fide purchaser. *Grover v. Gulino (In re Gulino),* 779 F.2d 546, 550–51 (9th Cir.1985) ("Under California law, a bona fide purchaser must have purchased in good faith and for valuable consideration *and* must have no knowledge or notice of prior rights.")(emphasis in original); *see also Chbat v. Tleel (In re Tleel),* 876 F.2d 769, 772 (9th Cir.1989) ("The powers of a bona fide purchaser for

purposes of section 544(a) are defined by state law. . . . In California, a purchaser for value of real estate without actual or constructive notice of a prior interest is given bona fide purchaser status.").

The Ninth Circuit has held that constructive/actual notice is a question of fact and not a question of law. "Whether the circumstances are sufficient to require inquiry as to another's interest in property for the purposes of [California Civil Code] section 19 is a question of fact, even where there is no dispute over the historical facts." *Robertson v. Peters (In re Weisman),* 5 F.3d 417, 421 (9th Cir. 1993) (interpreting California's Civil Code section governing constructive/inquiry/actual notice). The court did not err in declining to resolve this question of fact in the context of a summary judgment motion.

transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 541(c)(2).

Therefore, "something held in trust by a debtor for another is neither property of the bankruptcy estate under section 541(d), nor property of the debtor" for purposes of avoidance actions. *Mitsui Mfrs. Bank. v. Unicom Computer Corp. (In re Unicom Computer Corp.)*, 13 F.3d 321, 324 (9th Cir.1994), citing *Begier v. I.R.S.*, 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990) (property that a debtor holds in trust for another is not property of the estate under section 541 nor is it "property of the debtor" under section 547); *see also Foothill Capital Corp. v. Clare's Food Market, Inc. (In re Coupon Clearing Service, Inc.)*, 113 F.3d 1091, 1099 (9th Cir.1997) (property held in trust by debtor for another is not estate property).

That said, while assets transferred to a trust do not ordinarily become property of the bankruptcy estate of the trust's trustee, powers that a debtor who is trustee of a trust may exercise for his or her own benefit become property of the estate. *Askanase v. LivingWell, Inc.*, 45 F.3d 103, 106 (5th Cir.1995). Moreover, to the extent a debtor holds a beneficial interest in a trust, that beneficial interest becomes property of the estate, unless it is protected by a *valid* spendthrift provision. 11 U.S.C. § 541(a)(1) and (c)(2). "Assets transferred to an irrevocable trust do not become part of a bankruptcy estate unless the transfer or the trust is invalid." *United States v. Lawrence*, 189 F.3d 838, 845 (9th Cir.1999).

Debtor held title to the Trust Properties and the Ermatinger Third as trustee of the Trust, not as an individual. Therefore, under section 541(d), the corpus of the Trust would not be property of Debtor's estate, unless he held an equitable interest in the Trust and its assets, or unless he could exercise powers over the corpus of the Trust for his own benefit. Here, the bankruptcy court, interpreting the undisputed and unambiguous language of the Trust Agreement as to which there is no material issue of fact, held as a matter of law that Debtor did hold an equitable interest in the Trust as a beneficiary.[15] Debtor has not disputed this finding or conclusion on appeal.[16] Moreover, Debtor has not disputed on appeal that Debtor contributed the Trust Properties to the Trust.

**15.** Ninth Circuit law permits a court to interpret unambiguous contracts in the context of a motion for summary judgment. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 990 (9th Cir.2006), citing *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888–89 (9th Cir. 2003) ("We may grant summary judgment motions touching upon contract interpretation when the agreement is unambiguous.... Ambiguity is a question of law for the court.").

**16.** On appeal, Debtor argues that the bankruptcy court was required to issue findings regarding his intent to hinder creditors by transferring the Trust Properties to the Trust. Citing section 548 and a Ninth Circuit case involving an appeal of a conviction for bankruptcy fraud (*United States v. Lawrence*, 189 F.3d 838 (9th Cir.1999)), Debtor contends that such a finding is required to invalidate the Trust. Trustee, however, has not pled a fraudulent transfer cause of action in this case, nor has he raised any such issue in his cross-appeal. To void the transfer of the Trust Properties, Trustee does not have to show that the transfer was fraudulent; as discussed in the text, under California law, simply contributing assets to a self-settled trust is sufficient to expose those assets to collection by the creditors of the settlor/beneficiary. Therefore, Debtor's argument that the bankruptcy court erred by not making findings regarding his fraudulent intent is misplaced.

We agree with the bankruptcy court's conclusion. Debtor had access to potentially all of the Trust's assets and income in order to maintain his standard of living. Debtor possessed the power to "invade" the corpus of the Trust for emergencies relating to his health, education, support and/or maintenance. *See* ¶ 7.13 of the Trust. Debtor possessed the right, at his sole discretion, to make distributions in order to provide for his health, education, or "support and maintenance in [his] customary standard of living." *See* ¶ 5.00 of the Trust.

B. *The Bankruptcy Court Did Not Err In Applying California Law on Self-Settled Spendthrift Trusts*

 Debtor had a beneficial and equitable interest in the Trust which became property of the estate under section 541(a). California law invalidating efforts of a settlor from using a trust to shield property from his or her creditors applies *"even where the settlor is not a nominal beneficiary,* as where a settlor attempts to create a spendthrift trust for the benefit of his or her minor children, to be managed by the settlor and revocable at his or her pleasure." 60 Cal. Jur.3d *Trusts* § 134 (2008)(emphasis added), citing *Sheean v. Michel,* 6 Cal.2d 324, 57 P.2d 127 (1936).

 To the extent Debtor was the *trustor and beneficiary of the Trust, it is a self-settled trust.* While California law recognizes the validity of spendthrift trusts,[17] any spendthrift provisions are invalid when the settlor is a beneficiary. *Brooks–Hamilton v. City of Oakland (In re Brooks–Hamilton),* 348 B.R. 512, 521 (Bankr.N.D.Cal.2006); *see also* Restatement (Third) of Trusts § 58(2) (2003) ("A restraint on the voluntary and involuntary alienation of a beneficial interest retained by the settlor of a trust is invalid."). As noted by the Ninth Circuit:

The critical inquiry in determining whether a spendthrift trust is valid under California law is whether the trust's beneficiaries exercise excessive control over the trust. *See In re Witwer,* 148 B.R. 930, 937 (Bankr.C.D.Cal.1992). *California law does not allow a participant with excessive control over his or her trust to shield that trust with an anti-alienation provision lacking true substance.*

*Ehrenberg v. S. Cal. Permanente Med. Group (In re Moses),* 167 F.3d 470, 473 (9th Cir.1999) (emphasis added).

 As the Ninth Circuit observed in *Moses,* citing California Probate Code section 15304(a), "under California law, a settlor of a spendthrift trust cannot also act as beneficiary of that trust (i.e., California law prohibits 'self-settled' trusts)." *Id.* "California law voids self-settled trusts to prevent individuals from placing their property beyond the reach of their creditors while at the same time still reaping

---

**17.** *See Neuton v. Danning (In re Neuton),* 922 F.2d 1379, 1383 (9th Cir.1990) ("[T]rust provisions forbidding the voluntary or involuntary transfer of a beneficiary's interest in trust income or principal are enforceable under California law.... However, California has placed restrictions on the trustor's power to create a spendthrift trust."). Citing *Neuton,* Debtor argues that the bankruptcy court erred in not determining to what extent the Trust assets were necessary for Debtor's support. Debtor misconstrues *Neuton.* In *Neuton,* unlike here, the trust was not self-settled.

Unlike Trustee here, the *Neuton* bankruptcy trustee was seeking to recover 25 percent of a debtor's income from a spendthrift trust pursuant to California Probate Code section 15306.5 (whereby a creditor may obtain an order allowing it to recover up to 25 percent of payments to which a debtor may be entitled from a spendthrift trust, unless and to the extent that amount is necessary for the debtor's support). *Id.* at 1381–83. Trustee is not seeking to recover Trust income pursuant to California Probate Code section 15306.5, so *Neuton* is inapplicable.

the bounties of such property." *Id.,* citing *Nelson v. California Trust Co.,* 33 Cal.2d 501, 202 P.2d 1021 (Cal.1949). The *Nelson* court succinctly described why California law prohibits a trustor from benefitting from trust property he is attempting to shield from creditors:

> It is against public policy to permit a man to tie up his property in such a way that he can enjoy it but prevent his creditors from reaching it, and where the settlor makes himself a beneficiary of a trust any restraints in the instrument on the involuntary alienation of his interest are invalid and ineffective.

*Nelson,* 202 P.2d at 1021.

The California Legislature confirmed the rule of *Nelson* in Probate Code section 15304(a):

> If the settlor is a beneficiary of a trust created by the settlor and the settlor's interest is subject to a provision restraining the voluntary or involuntary transfer of the settlor's interest, *the restraint is invalid against transferees or creditors of the settlor.* The invalidity of the restraint on transfer does not affect the validity of the trust.

Cal. Prob. C. § 15304(a) (emphasis added). Moreover, subsection (b) of Probate Code section 15304 states that if the settlor is the beneficiary of a trust that he created and the trust instrument provides that a trustee may or shall pay income or principal for the support of the settlor, a creditor of that settlor can reach "the maximum amount that the trustee could pay to or for the benefit of the settlor under the trust instrument, not exceeding the amount of the settlor's proportionate contribution to the trust." Cal. Prob. C. § 15304(b).

 Under the Trust Agreement, Debtor as Trustee could potentially use all

of the Trust's principal and income to maintain his standard of living; no limitation is placed on the amount that he can use for that purpose. Thus, under California Probate Code section 15304(b), a creditor of Debtor could reach all of the Trust assets contributed by Debtor.[18] Therefore, under California law, Trustee (as a hypothetical lien creditor) can likewise recover those assets under section 544(a)(1). The court did not err in holding that the Trust Properties were property of the estate.

### C. *The Bankruptcy Court Should Have Granted Summary Judgment As to the Entire Trust Corpus, Including the Ermatinger Third*

 While the bankruptcy court correctly vested title to the Trust Properties in Trustee pursuant to section 544(a)(1) and California Probate Code section 15304(b), it could have held, as a matter of law, that the entire Trust corpus was property of the estate by virtue of section 541 alone. Ordinarily, if only a portion of a spendthrift trust's corpus is contributed by a beneficiary-debtor, only that portion becomes property of the beneficiary-debtor's estate. *Osherow v. Porras (In re Porras),* 312 B.R. 81, 131 (Bankr.W.D.Tex. 2004). If, however, the trust agreement allows the debtor-beneficiary to exercise control over and reach trust property contributed by others, the estate is entitled to the maximum amount that the trust could pay or distribute to the debtor-beneficiary. *Id.* at n. 30. Therefore, the bankruptcy court could have, and should have, granted summary judgment granting Trustee title to all of the Trust corpus.

 As trustee of the Trust, Debtor had the sole discretion to use Trust assets and income for his benefit. Under para-

---

**18.** The court found, and Debtor does not dispute, that Debtor contributed the Trust Properties to the Trust.

graph 5.00, Debtor had the power, as trustee, to make distributions from the Trust to himself in order to maintain his customary standard of living. Under paragraph 7.13, he had the power to invade the Trust corpus for "emergencies related to [his] health, education, support and/or maintenance." Debtor had unfettered access to and dominion and control over the Trust and its assets; he could use the Trust income and corpus for whatever he deemed necessary for his support and maintenance.

Consequently, under section 541(a)(1) itself, Debtor's beneficial interest in all of the Trust corpus became property of the estate and Debtor's power to use Trust assets for his benefit became property of the estate. *See Askanase*, 45 F.3d at 106 (" 'what comes to the bankruptcy estate is not only the property in which debtor has an interest, but also, the powers the debtor can exercise for its own benefit over property regardless of the title debtor may be acting under' "), quoting and citing *In re Gifford*, 93 B.R. 636, 638–40 (Bankr. N.D.Ind.1988) (observing public policy "against allowing anyone to place their assets in trust, for their own benefit, and simultaneously shielding them from the claims of their creditors" and holding that where debtor had authority to exercise

dominion over trust assets for his own benefit, the bankruptcy trustee assumes that authority and can acquire access to the funds for the benefit of creditors).[19] *See also Robbins v. Webster (In re Robbins)*, 826 F.2d 293, 295 (4th Cir.1987) (where trust trustee was authorized to apply entire corpus of trust for support and maintenance of settlors, entire corpus was property of estate which debtors could not exempt); *Miller v. Lincoln Nat'l Bank & Trust Co. (In re Cook)*, 43 B.R. 996, 1001 (N.D.Ind.1984) (where debtor had present access to trust corpus for hardship purposes such as health or education, the debtor's right of withdrawal and his interest in the trust became property of the estate).

In summary, to the extent Debtor was the trustee of the Trust, he possessed the power (at his sole discretion) to invade the corpus and make distributions from the Trust for his own benefit. The entire corpus, including the Ermatinger Third, is therefore property of the estate. The bankruptcy court should have granted summary judgment in favor of Trustee as to the entire trust corpus.[20]

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM the partial summary judgment on the

---

**19.** *Cf. Neely v. United States*, 775 F.2d 1092, 1094 (9th Cir.1985) (applying the Internal Revenue Code, the Ninth Circuit held that the transfer of title of assets to a trust while the individual taxpayers retained their use and enjoyment was a sham transaction, without economic substance, that will not be recognized for tax purposes); *Hanson v. Commissioner*, 696 F.2d 1232 (9th Cir.1983) (same).

**20.** In his cross-appeal, Trustee also argues that—pursuant to section 544(a)(3)—the bankruptcy court could have entered summary judgment awarding to the estate the Trust Properties and the Ermatinger Third. Section 544(a)(3) allows a trustee to avoid a transfer which could have been avoided by a bona fide purchaser of real property. In es-

sence, Trustee argues that a bona fide purchaser could have bought the Trust Properties from Debtor acting as trustee of the Trust prior to bankruptcy and that this in and of itself permits Trustee to recover those assets on behalf of the estate.

Trustee is wrong. Any purchaser of the Trust Properties would have been placed on notice by the quitclaim deeds that the Trust held an interest in those properties and that Debtor was conveying them in the capacity of trustee of the Trust. In other words, a purchaser would have been placed on actual notice of the Trust's interests prior to purchase and would not have obtained the status of "bona fide" purchaser as against the Trust.

Trust Properties (in Debtor's main appeal) and REVERSE denial of summary judgment as to the Ermatinger Third and REMAND for entry of summary judgment vesting title in the Ermatinger Third in Trustee. We DISMISS as interlocutory Trustee's cross-appeal with respect to the Thurston Circle Property.

*Gulino,* 779 F.2d at 550–51. Section 544(a)(3) is thus inapplicable.

Under Trustee's interpretation of section 544(a)(3), the estate could obtain title to the Trust Properties simply because Debtor (as trustee of the Trust) could have conveyed or transferred legal title to a purchaser. If Trustee were correct, anytime a trustee of any trust (such as a charitable trust) filed bankruptcy, his or her estate could obtain title the corpus or assets of the trust under section 544(a)(3), simply because third party purchasers could have obtained valid title to those assets from the debtor (as trustee of the trust) prepetition. Such a reading of section 544(a)(3) circumvents section 541(b)(1)'s explicit exclusion from estate "any power that the debtor may exercise solely for the benefit of an entity other than the debtor" and section 541(d)'s provision that property to which a debtor holds only legal title becomes property of the estate only to the extent of such legal title "but not to the extent of any equitable interest in such property that the debtor does not hold."