FILED

APR 11 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. EC-12-1537-DJuMk |
| | ) | |
| SANTIAGO OMAR HERNANDEZ and MICHELLE PATRICE HERNANDEZ, | ) ) | Bk. No. 12-24502 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| SANTIAGO OMAR HERNANDEZ; MICHELLE PATRICE HERNANDEZ, | ) ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[1] |
| | ) | |
| J. MICHAEL HOPPER, Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on March 22, 2013
at Sacramento, California

Filed - April 11, 2013

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Christopher M. Klein, Bankruptcy Judge, Presiding

Appearances:     George T. Burke, Esq., argued for the Appellants Santiago and Michelle Hernandez; J. Luke Hendrix, Esq., argued for Appellee J. Michael Hopper, Trustee.

Before:  DUNN, JURY, and MARKELL, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

The debtors Santiago and Michelle Hernandez ("Debtors") appeal the bankruptcy court's orders sustaining the chapter 7 trustee's ("Trustee") objection ("Objection") to their exemption claim in Ms. Hernandez's contingent beneficial interest in her mother's irrevocable trust ("Trust") and denying their Motion for Amended Findings seeking to reverse the prior order sustaining the Objection.[2]  We AFFIRM both of the bankruptcy court's orders.

**FACTS**

The background facts in this appeal are not in dispute.  On March 7, 2012, the Debtors filed their voluntary chapter 7 petition, commencing their bankruptcy case.  Trustee is the duly appointed trustee in the Debtors' bankruptcy case.

On the date of the Debtors' bankruptcy filing, Ms. Hernandez was a named beneficiary of The Patricia A. Johnson Irrevocable Trust No. 1 ("Trust"), established by her mother as settlor under a trust agreement ("Trust Agreement") signed on November 26, 2001.  Ms. Hernandez's beneficial interest in the Trust was (and is) contingent, in that under Article Three, Section B of the Trust Agreement, Ms. Hernandez would have to survive her mother in order to receive a mandatory distribution of Trust principal. Ms. Hernandez's mother was living on the petition date and was still living throughout the period relevant to this appeal.

Article Two, Section A of the Trust Agreement provides that, "Each time a gift is made by any donor to a trust governed by

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

this agreement, the beneficiary of that trust shall have the immediate right to demand and receive [sic] immediate amount that may be withdrawn shall be the amount of the Internal Revenue Code section 2503(b) annual gift tax exclusion remaining available to the donor for gifts made to the distribution rights holder in the calendar year in which the gift is made. . . ." Under Article Two, Section C of the Trust Agreement, the right to demand distribution expires if a written notice is not delivered to the trustee of the Trust within forty-five days following the date of the gift.

Article Six, Section B of the Trust Agreement states a spendthrift trust provision ("Spendthrift Trust Provision"):

> No interest in the principal or income of any trust created under this instrument shall be voluntarily or involuntarily anticipated, assigned, encumbered, or subjected to creditor's claim or legal process before actual receipt by the beneficiary.

Debtors and the Trustee agree that the Spendthrift Trust Provision is valid under California law.

In their schedules filed with their bankruptcy petition, on Schedule B, the Debtors identified a Trust interest of Ms. Hernandez, valued at $7,000, as follows:

> Future beneficiary of Mother's Irrevocable Trust – Mrs. Hernandez had 45 day window after November 18, 2011 to withdraw $6,872 from annual gift to Trust but did not withdraw, as per Mother's indicated preference.

In their Schedule C, the Debtors claimed a corresponding exemption in the amount of $7,000 in the $6,782 annual gift to the Trust under California Code of Civil Procedure ("C.C.P.")

§ 703.140(b)(5).[3]

On June 22, 2012, the Debtors amended their Schedule C to claim an exemption in "100% of Fair Market Value" of the Trust under § 541(c)(2).[4] The Trustee filed a timely objection ("Objection") to the exemption claimed in the Trust. The Trustee first argued that § 541(c)(2) did not provide a valid basis to claim an exemption. The Trustee further argued that the Debtors did not provide any description of the value of the Trust, and there was no clear statement as to what assets were included in the Trust. The Trustee stated that the Objection was filed "to protect the bankruptcy estate's interest in at least 25% of the Debtors' beneficial interest in the Trust."

The Debtors responded to the Objection that Ms. Hernandez's contingent interest in the Trust was excluded from the Debtors' bankruptcy estate under § 541(c)(2) and further argued that California Probate Code ("C.P.C.") § 15306.5(a) did not apply to allow the Trustee to claim up to 25% of Ms. Hernandez's

---

[3] Under C.C.P. § 703.140(b)(5), California debtors can claim an exemption in the amount of up to $925 in any property, plus any amount up to $17,425 that is not otherwise used to exempt value of "real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor" under C.C.P. § 703.140(b)(1).

[4] Section 541(c)(2) provides that, "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

-4-

contingent future interest in the Trust.[5]

The bankruptcy court held a hearing ("Objection Hearing") on the Objection on August 28, 2012. At the Objection Hearing, the bankruptcy court heard argument from counsel for the Debtors and the Trustee and, determining that there were no factual issues, announced its conclusions of law based on the record before it, sustaining the Objection. At the Objection Hearing, Trustee's counsel confirmed that the Trustee sought no more than a conclusion that "25 percent of the [Trust] is not excluded from the estate under 541(c)(2)." The Trustee did not seek turnover of any Trust interest or any particular Trust assets. The bankruptcy court entered a minute order sustaining the Objection on September 3, 2012.

The Debtors filed their Motion for Amended Findings on September 10, 2012, arguing that the bankruptcy court made a manifest error of law in determining that the Trustee could claim 25% of Ms. Hernandez's contingent future interest in the Trust as

---

[5] C.P.C. § 15306(a) provides that, "Notwithstanding a restraint on transfer of the beneficiary's interest in the trust under Section 15300 or 15301, and subject to the limitations of this section, upon a judgment creditor's petition under Section 709.010 of the Code of Civil Procedure, the court may make an order directing the trustee to satisfy all or part of the judgment out of the payments to which the beneficiary is entitled under the trust instrument or that the trustee, in the exercise of trustee's discretion, has determined or determines in the future to pay the beneficiary." However, C.P.C. § 15306.5(b) limits the scope of the preceding subsection (a), as follows: "An order under this section may not require that the trustee pay in satisfaction of the judgment an amount exceeding 25% of the payment that otherwise would be made to, or for the benefit of, the beneficiary."

-5-

an asset of the estate. The Trustee responded, arguing that the Debtors were not entitled to the extraordinary remedy requested in the Motion for Amended Findings in that the Debtors presented no new authorities or facts that would justify the relief requested.

The bankruptcy court heard arguments on the Motion for Amended Findings on October 9, 2012, and stated its conclusions orally, denying the Motion for Amended Findings. The bankruptcy court entered a minute order denying the Motion for Amended Findings on October 9, 2012.

The Debtors filed a timely Notice of Appeal from the order sustaining the Objection and the order denying the Motion for Amended Findings on October 19, 2012.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE PRESENTED**

Did the bankruptcy court err as a matter of law in determining that Ms. Hernandez's contingent future interest in the Trust was an asset of the bankruptcy estate and that the Trustee could claim up to 25% of Ms. Hernandez's contingent future interest in the Trust for the estate?

**STANDARDS OF REVIEW**

We review issues of statutory construction and conclusions of law de novo. Ransom v. MBNA Am. Bank, N.A. (In re Ransom), 380 B.R. 799, 802 (9th Cir. BAP 2007), aff'd, 577 F.3d 1026 (9th Cir. 2009), aff'd, 131 S. Ct. 716 (2011).

We may affirm on any ground supported by the record. <u>Shanks v. Dressel</u>, 540 F.3d 1082, 1086 (9th Cir. 2008).

**DISCUSSION**

1. <u>Dealing with Procedural Anomalies</u>

Debtors have not raised any procedural irregularity as an issue in this appeal and did not discuss any procedural issue in their opening brief. Accordingly, any such issues are waived. <u>See</u> <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 919 (9th Cir. 2001) (issues not specifically argued in opening brief are waived). Nevertheless, there are procedural anomalies in this case that merit discussion in order to provide a complete understanding of the record. Accordingly, before we get to the heart of this appeal, we take a brief stroll down a procedural byway.

The events leading to this appeal were initiated by the Debtors filing an amended Schedule C claiming that 100% of the fair market value of Ms. Hernandez's contingent future interest in the Trust was "exempt" under § 541(c)(2). As the trustee pointed out in the Objection, § 541(c)(2) does not provide a valid basis for a claim of exemption. Rather, § 541(c)(2) provides a basis for <u>excluding</u> certain trust assets from the estate. In their response to the Objection, the Debtors embraced the concept that Ms. Hernandez's beneficial interest in the Trust was excluded from the bankruptcy estate, and the fight was on.

> An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions. An exemption is an interest withdrawn from the estate . . . for the benefit of the debtor.

-7-

<u>Owen v. Owen</u>, 500 U.S. 305, 308 (1991).  <u>See</u> <u>Gebhart v. Gaughan</u> <u>(In re Gebhart)</u>, 621 F.3d 1206, 1210 (9th Cir. 2010); <u>McLain v.</u> <u>Newhouse (In re McLain)</u>, 516 F.3d 301, 315 (5th Cir. 2008) ("'[P]roperty that is entitled to be exempted is initially regarded as estate property until it is claimed and distributed as exempt.'") (quoting <u>Cyrak v. Poynor</u>, 80 B.R. 75, 79 (N.D. Tex. 1987); <u>Bronner v. Gill (In re Bronner)</u>, 135 B.R. 645, 647 (9th Cir. BAP 1992) ("A debtor . . . may remove or acquire <u>property</u> of the <u>estate</u> by claiming <u>exemptions</u>.") (emphasis in original).

Procedurally, the Objection was handled as a contested matter.  Arguably, since the issues actually determined were whether all or any portion of Ms. Hernandez's contingent future beneficial interest in the Trust was property of the estate, the bankruptcy court could have required that the matter be resolved in an adversary proceeding pursuant to Rule 7001(1), (2) or (9).[6] Our review of the transcript of the Objection Hearing leads us to suspect that the bankruptcy court considered sustaining the Objection on the basis that § 541(c)(2) did not provide an appropriate basis for an exemption claim and leaving the "property of the estate" issue(s) for further proceedings. However, after confirming that the necessary evidentiary record was complete, and there were no factual disputes between the

---

[6] Rule 7001 provides in relevant part: "The following are adversary proceedings: (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, . . . ; (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, . . . ; (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; . . . ."

-8-

parties, the bankruptcy court proceeded to rule on the legal questions presented.

The bankruptcy court did not err in so proceeding. "[A] bankruptcy court's decision not to require an adversary proceeding is subject to a harmless error analysis, and under that standard, if the failure to commence an adversary proceeding did not cause prejudice, form should not be elevated over substance." Stasz v. Gonzalez (In re Stasz), 2011 WL 3299162 (9th Cir. BAP 2011), citing Austein v. Schwartz (In re Gerwer), 898 F.2d 730, 734 (9th Cir. 1990); and Korneff v. Downey Reg'l Med. Ctr.-Hosp., Inc. (In re Downey Reg'l Med. Ctr.-Hosp., Inc.), 441 B.R. 120, 127-28 (9th Cir. BAP 2010).

The Debtors did not raise any objection to the bankruptcy court handling the Objection as a contested matter in their response to the Objection or in any of their papers filed in support of the Motion for Amended Findings, nor did they raise any such objection at the Objection Hearing. At the hearing on the Motion for Amended Findings, the following colloquy between the court and counsel took place:

> MR. BURKE: Your Honor, it's my understanding that a party can object to jurisdiction at any time in the proceedings. At this point, we'd like to move to vacate the judgment based on a lack of subject matter jurisdiction. The Trustee –
>
> THE COURT: A lack of subject matter jurisdiction?
>
> MR. BURKE: The Trustee objected to an exemption. We're claiming that the [T]rust is excluded. It's not an exemption. And they should have to file an adversary proceeding, Your Honor, to determine the ownership of the [T]rust.
>
> THE COURT: Mr. Hendrix, is this the first you heard of that?

MR. HENDRIX: It is, Your Honor.

Tr. Of October 9, 2012 hr'g, 9:9-22. Debtors' counsel did not allege that the Debtors had suffered any prejudice from the bankruptcy court's handling of the Objection as a contested matter. The bankruptcy court went on to explain why Debtors' counsel was not raising any legitimate question as to the bankruptcy court's subject matter jurisdiction and proceeded to deny the Motion for Amended Findings based on its conclusion that it had not erred as a matter of law in its prior decision. As noted above, Debtors have not raised any question as to the bankruptcy court's handling of the Objection as a procedural matter in this appeal.

2. <u>Contingent Trust Interests as Property of the Estate</u>

The primary problem for Debtors in this appeal is we are not writing on a clean slate. The Debtors concede that under § 541(a), "contingent interests are part of the bankruptcy estate." Appellants' Opening Brief at 13. The Debtors also concede that the relevant date for determining whether an asset is property of the estate is the petition date. <u>Id.</u> at 34. <u>See Cisneros v. Kim (In re Kim)</u>, 257 B.R. 680, 687 (9th Cir. BAP 2000). However, Debtors insist that Ms. Hernandez's entire contingent future interest in the Trust is excluded from the estate under § 541(c)(2) based on the Spendthrift Trust Provision "that is enforceable under applicable nonbankruptcy law."

The Trustee concedes the existence of the Spendthrift Trust Provision and that such provisions are valid under California law. <u>See</u> Appellee's Opening Brief at 6. However, the Trustee further argues that the Spendthrift Trust Provision is subject to

-10-

the restrictions on such restraints on alienation set forth in C.P.C. § 15306.5. Accordingly, § 541(c)(2) only operates "to exclude 75% of the Debtors' interest in the Trust from property of the bankruptcy estate." Id. at 7.

The Debtors respond that the issue as to whether the bankruptcy estate has an interest in the remaining 25% of Ms. Hernandez's contingent beneficial interest in the Trust is an issue of first impression that requires a detailed analysis of the provisions of C.P.C. § 15306.5. In essence, Debtors ask us to make a prediction as to how the California Supreme Court would rule if confronted with the issues before us. However, we decline that invitation because that prediction already effectively has been made in binding prior decisions of the Ninth Circuit and this Panel.

In Neuton v. Danning (In re Neuton), 922 F.2d 1379 (9th Cir. 1990), the Ninth Circuit was confronted with the following situation: The debtor-appellant ("Neuton") had filed a chapter 7 bankruptcy petition on November 12, 1987. At the time of his bankruptcy filing, Neuton had a contingent future interest in a spendthrift trust established by his mother (the "Neuton Trust"). The Neuton Trust provided that its trustee would pay a portion of trust income to Neuton's mother during her lifetime and a portion of trust income to her children, including Neuton, after her death. Neuton's mother died on December 28, 1987, "at which point [Neuton's] interest in the trust vested." Id. at 1381. On January 25, 1988, the trustee objected to Neuton's claim of exemption in the Neuton Trust beyond a value of $1,135 claimed as exempt in Neuton's schedules. On April 7, 1988, the bankruptcy

court issued a Memorandum Decision and Order, essentially recognizing that 75% of Neuton's interest in the Neuton Trust was excluded from the estate under § 541(c)(2), but holding that 25% of Neuton's interest in the trust belonged to the estate. <u>Id.</u> On appeal, this Panel affirmed those holdings but remanded for valuation purposes.

On further appeal, the Ninth Circuit held that in light of the expansive definition of property of the estate under the Bankruptcy Code, "contingent interests of the type at issue in this case" constitute property of the estate, citing the Supreme Court decision in <u>Segal v. Rochelle</u>, 382 U.S. 375 (1966). Neuton made the same argument to the Ninth Circuit that the Debtors make before us: Since the Neuton Trust had a valid spendthrift trust provision under California law, Neuton's entire interest in the Neuton Trust was excluded from the estate by § 541(c)(2).

The Ninth Circuit agreed with him as to 75% of his interest in the Neuton Trust, but after considering the provisions of C.P.C. §§ 15301-15307, rejected Neuton's claim as to up to 25% of his interest in the trust.

> [T]he Probate Code provides that despite such restraints a creditor may obtain an "order directing the trustee to satisfy all or part of the judgment out of the payment to which the beneficiary is entitled under the trust instrument," so long as the payment does not "exceed[ ] 25% of the payment that otherwise would by made to . . . the beneficiary." [C.P.C.] § 15306.5. In other words, <u>the spendthrift restriction fully protects only 75% of the interest in the trust</u>. Because the trustee enjoys the power of a hypothetical judgment creditor, [§ ] 544(a)(1), we agree with the BAP that the remaining one-fourth is not excluded from the estate pursuant to [§ ] 541(c)(2). In short, the bankruptcy estate possesses an income interest in one-fourth of the payments due to Neuton . . . The relevance of § 15306.5 is that it removes 25% of [Neuton's] interest in the trust from traditional

-12-

spendthrift status.

Id. at 1383 (emphasis added).

The Debtors argue that the Neuton decision is distinguishable from this appeal in that the Ninth Circuit did not engage in "statutory construction" with respect to § 15306.5(a) and "did not even analyze C.P.C. 15306.5(a)." Appellants' Opening Brief at 7 and 9. To make that argument in light of the extensive analysis of the application of C.P.C. § 15306.5, as a matter of first impression, set forth in the Ninth Circuit's Neuton decision is nonsense. However, whatever level of analysis the Ninth Circuit applied in considering the application of C.P.C. § 15306.5 in Neuton, its decision has never been overruled, and the bankruptcy court correctly determined, and we concur, that to the extent Neuton applies in this appeal, we are bound by it.

In one significant respect, Neuton is distinguishable from the appeal before us, as the contingent trust interest in Neuton was an interest in future income only and did not involve trust principal. Id. at 1381 and 1382 n.2. That distinction possibly would have more traction if the issue had not been dealt with directly in two subsequent published opinions of this Panel.

In Cisneros v. Kim (In re Kim), 257 B.R. 680 (9th Cir. BAP 2000), this Panel considered a different form of California "trust." At the time of his chapter 7 bankruptcy filing, the debtor ("Kim") was employed as a bus driver for the Los Angeles Metropolitan Transit Authority and was a beneficiary of the Los Angeles County Metropolitan Transportation Authority Retirement Income Plan (the "MTA Plan"). Kim claimed an exemption in his

-13-

"retirement funds" under the MTA Plan pursuant to C.C.P. § 704.110.[7] Subsequent to his bankruptcy filing, Kim withdrew his retirement funds from the MTA Plan and rolled them over into an IRA account.

The trustee objected to Kim's exemption claim on three grounds: 1) the retirement funds were not being used for retirement purposes; 2) the MTA Plan was not a spendthrift trust subject to exclusion from the estate; and 3) Kim was not otherwise entitled to an exemption under California law. The bankruptcy court ultimately determined that the retirement funds held in the MTA Plan on the petition date were fully exempt under California law. It also held that the MTA Plan was a valid spendthrift trust under California law, which excluded the retirement funds from the bankruptcy estate, except for 25% of the funds, which remained subject to creditor claims under California law. Id. at 683.

On appeal, this Panel held that "[t]he bankruptcy court did not err in holding that the relevant date for determining the status of the exemptions was the petition date." Id. at 685. The Panel also noted that the holdings of the bankruptcy court were correct in concluding that the MTA Plan was a valid spendthrift trust under California law and that Kim's interest in the MTA Plan was excluded from the estate "except for 25%." Id. at 688.

---

[7] C.C.P. § 704.110 provides an exemption for "all amounts held, controlled or in process of distribution" as retirement benefits from a "public entity" such as a state, city or county government or a public corporation or board.

> [T]he [C.P.C.] has limited the scope of the spendthrift protection. [C.P.C.] section 15306.5 provides that a judgment creditor may obtain an "order directing the trustee to satisfy all or part of the judgment out of the payment to which the beneficiary is entitled under the [spendthrift] trust instrument, . . ." as long as the payment does not exceed 25 percent of the funds otherwise available to the beneficiary. See [C.P.C.] § 15306.5 (West 1991). The bankruptcy court, applying section 15306.5 and following [Neuton], held that only 75% of the spendthrift trust was excluded from the estate.

Id. at 683 n.4. Accordingly, in Kim, this Panel followed the Neuton interpretation of C.P.C. § 15306.5 in a context involving the principal, rather than income, of a spendthrift trust.

Finally, in Bendon v. Reynolds (In re Reynolds), 479 B.R. 67 (9th Cir. BAP 2012), this Panel was confronted with a spendthrift trust situation similar to what we face in this appeal. The debtor ("Reynolds") was a named beneficiary in three family trusts, the Bypass Trust, the Marital Trust and the Survivor's Trust. (Hereafter, the Bypass Trust and the Marital Trust are referred to collectively as the "Family Trust.") If Reynolds survived his father by thirty days, he would be entitled to receive distributions from both the Family Trust and the Survivor's Trust.

> From the Family Trust, [Reynolds] was entitled to $250,000. Additionally, [Reynolds] was a one-third beneficiary of the Survivor's Trust, along with his sisters, entitled to receive $100,000 per year for ten years.

Id. at 70. However, the assets in the Survivor's Trust were interests in undeveloped real property that did not generate any income. Id. No income distributions were expected from any of the trusts.

Reynolds' father passed away on March 3, 2009. Reynolds,

apparently unaware of the trusts or that he was a beneficiary of the trusts, filed a chapter 7 bankruptcy petition one day later on March 4, 2009. Reynolds' interests in the trusts consequently were either vested on the petition date or shortly thereafter.

On April 28, 2009, one of the trustees of the Family Trust and the Survivor's Trust, filed an adversary proceeding seeking a declaratory judgment to determine whether and to what extent the bankruptcy estate held an interest in the trusts. <u>Id.</u> The trusts both included spendthrift trust provisions to protect their beneficiaries. On January 14, 2010, Reynolds filed a motion for partial summary judgment in the adversary proceeding, requesting a declaration that "pursuant to [C.P.C.] §§ 15300 <u>et seq.</u> . . ., particularly § 15306.5, a maximum 25% of a beneficiary's interest in a spendthrift trust is property of a bankruptcy estate." Accordingly, Reynolds sought a determination that the estate and his trustee could reach no more than 25% of his interests in the Family Trust and the Survivor's Trust. <u>Id.</u> The trustee opposed the motion, acknowledging that C.P.C. § 15306.5 capped the estates's potential recovery at 25% of the beneficiary's interest in a spendthrift trust, but argued that distributions of principal from such trusts are not protected under C.P.C. § 15301(b). At the hearing on the motion for partial summary judgment, the bankruptcy court ruled against the trustee, interpreting the California Probate Code as allowing as an estate asset "a maximum of 25% of a debtor's interest in a spendthrift trust, less any amount the debtor needed for his support or support of his dependents." <u>Id.</u> at 71.

On appeal, after discussing principles of statutory

-16-

construction, this Panel analyzed the relevant provisions of the California Probate Code, C.P.C. §§ 15300-15307. See id. at 72-77. Citing Neuton, this Panel concluded that under § 15306.5, the estate could claim up to 25% of the debtor beneficiary's interest in a spendthrift trust.

> "The relevance of § 15306.5 is that it removes 25% of the debtor's interest in the trust from traditional spendthrift status." [In re Neuton, 922 F.2d at 1383.] Even though a bankruptcy trustee may reach 25% of what the debtor/beneficiary is entitled to receive, that amount may be reduced by whatever amount the court determines is necessary for the beneficiary's (and his dependents') support. [C.P.C.] § 15306.5(c); In re Neuton, 922 F.2d at 1384.

In re Reynolds, 479 B.R. at 75. The Panel further rejected the trustee's argument that C.P.C. § 15307 gave the trustee a means beyond the 25% limitation of C.P.C. § 15306.5 to reach any amount to which the debtor/beneficiary of a spendthrift trust was entitled in excess of what he needed for education and support. "[T]hat reading is inconsistent with § 15306.5, which limits a money judgment creditor to 25% of the beneficiary's interest in a spendthrift trust." Id. at 75-76. Ultimately, the Panel determined that it was more consistent with legislative intent to interpret C.P.C. § 15307 as applicable only with respect to income distributions from spendthrift trusts, and since Reynolds' potential future "distributions are only from principal and not income, under our interpretation of the [C.P.C.], § 15307 does not apply in this case." Id. at 76-77.

In reviewing the foregoing authorities, we recognize that in Kim, since the Panel affirmed the bankruptcy court's initial conclusion that Kim's retirement funds were fully exempt, its subsequent conclusions regarding the application of C.P.C.

-17-

§ 15306.5 could be characterized as dicta. However, in Reynolds, this Panel's conclusion in interpreting the California Probate Code that under C.P.C. § 15306.5, the bankruptcy estate had an interest in up to 25% in a debtor/beneficiary's interest in a spendthrift trust was central to its decision.

Both Kim and Reynolds are published opinions of this Panel that have not been reversed or limited on appeal. Absent a change in the law, we are bound by our prior precedential opinions. Gaughan v. The Edward Dittlof Revocable Trust (In re Costas), 346 B.R. 198, 201 (9th Cir. BAP 2006); Ball v. Payco-Gen'l Am. Credits, Inc. (In re Ball), 185 B.R. 595, 597 (9th Cir. BAP 1995):

> [W]e have recognized that the BAP was created in part to provide a uniform and consistent body of bankruptcy law throughout the Ninth Circuit. In re Proudfoot, III, 144 B.R. 876, 878 (9th Cir. BAP 1992). Plainly, compliance with precedent encourages uniformity of result.

The Debtors assert that Ms. Hernandez's entire interest in the Trust should be excluded from the estate based on an elaborate statutory construction argument focusing on C.P.C. § 15306.5(a). They argue that the California Supreme Court would never apply the terms "payments to which the beneficiary is entitled under the trust instrument" to a contingent future interest in principal of a spendthrift trust. We are not convinced. If the California Supreme Court had issued a decision consistent with the Debtors' position, that is something we could (and would) consider. However, the California Supreme Court has issued no such decision, and in the absence of such a definitive opinion from the California Supreme Court, we are bound by the

line of authority running from <u>Neuton</u> through <u>Kim</u> and <u>Reynolds</u> interpreting C.P.C. § 15306.5 as allowing the bankruptcy estate of a contingent future trust beneficiary debtor to claim up to 25% of the debtor's interest in a California spendthrift trust. Based on that line of authority, we find no error in the bankruptcy court's decisions to sustain the Objection and deny the Motion for Amended Findings. What, if anything, the Trustee can collect from the Trust for the benefit of the Debtors' estate is an unresolved matter that is left for determination in future proceedings.

## CONCLUSION

For the foregoing reasons, we AFFIRM both orders of the bankruptcy court.